**REGENCY OUTDOOR ADVERTISING, INC., a California corporation; Virtual Media Group, Inc., a California corporation, Plaintiffs—Appellants,**

v.

**CITY OF LOS ANGELES CALIFORNIA, a municipal corporation, Defendant—Appellee,**

and

**Does 1 Through 10, Inclusive, Defendant.**

No. 01–56130.

D.C. No. CV–00–09913–FMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2002.

Decided Feb. 14, 2002.

Before SCHROEDER, Chief Judge, McKEOWN, and CUDAHY,* Circuit Judges.

## MEMORANDUM[1]

Regency Outdoor Advertising, Inc. and Virtual Media Group, Inc. (collectively, "Outdoor") appeal from the district court's order denying preliminary injunctive relief. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and we affirm. Because the parties are familiar with the factual and procedural background, we need not detail it here.

■ The district court denied Outdoor's motion for a preliminary injunction because it concluded that Outdoor lacked standing. The court reasoned that because none of the compliance orders issued by the City of Los Angeles ("the City") pursuant to its outdoor sign ordinance ("the Sign Ordinance") were for mural violations, Outdoor had suffered no injury. To have standing, Outdoor must satisfy three elements: (1) injury in fact, (2) the injury was reasonably caused by the challenged conduct, and (3) likelihood that the relief requested, if granted, will redress the injury. *See Desert Outdoor Advertising v. City of Moreno Valley,* 103 F.3d 814, 818 (9th Cir.1996).

Based on the alleged impact of the Sign Ordinance on Outdoor, the citation that recited the mural requirements, the response of Outdoor's lessees, plus other alleged injury, Outdoor has alleged injury that is directly related to the City's enforcement of the Sign Ordinance, thus satisfying the first two prongs of the standing test. Outdoor also meets the third prong.

Outdoor asks that the entire Sign Ordinance be struck down as unconstitutional. If such relief were granted, it would redress Outdoor's injury. Accordingly, Outdoor has standing to bring its First Amendment challenge.

■ Although we disagree with the district court with respect to standing, we affirm on alternate grounds. Outdoor does not meet the merits requirement for preliminary injunctive relief. *See Mayweathers v. Newland,* 258 F.3d 930, 938 (9th Cir.2001) (listing criteria for preliminary injunctive relief). At this juncture, Outdoor has failed to produce evidence indicating that the Sign Ordinance's provision for "mural signs" is content-based. *See Metromedia, Inc. v. City of San Diego,* 453 U.S. 490, 521, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981) (holding that content-based exception to city sign ordinance rendered entire ordinance unconstitutional). And, to the extent that mural signs must be approved by the Cultural Affairs Commission, Outdoor has failed to demonstrate that the Commission enjoys unfettered discretion to accept or reject signs. *See City of Lakewood v. Plain Dealer Publishing Co.,* 486 U.S. 750, 755, 108 S.Ct. 2138, 100 L.Ed.2d 771 (1988) ("licensing statute placing unbridled discretion in the hands of a government official or agency constitutes a prior restraint. . . .").

For the reasons stated above, we conclude that the district court did not abuse its discretion in denying preliminary injunctive relief.

**AFFIRMED.**

---

* The Honorable Richard Cudahy, Senior United States Circuit Judge for the United States Court of Appeals, Seventh Circuit, sitting by designation.

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.